UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN GOLDBERG,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FEDERAL BUREAU OF PRISONS,<br><br>  Respondent. | No. 1:25-cv-01049-SKO (HC)<br><br>ORDER GRANTING MOTION FOR STAY AND EXTENSION OF TIME IN LIGHT OF LAPSE IN APPROPRIATIONS<br><br>[Doc. 7] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the petition in this Court on August 20, 2025. (Doc. 1.) On August 22, 2025, the Court issued an order directing Respondent to file a response to the petition. (Doc. 4.) On October 22, 2025, Respondent filed a motion for stay and extension of time to file a response.

**DISCUSSION**

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of

proceedings in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987). In addition, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1).

Respondent asserts that the appropriations act that had been funding the Department of Justice expired on September 30, 2025, and appropriations to the Department of Justice lapsed. Due to the lack of appropriations, Department of Justice attorneys are prohibited from working except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Respondent states that this lapse in funding also includes Bureau of Prisons staff, which are essential in providing litigation reports, declarations, and supporting documents to address Petitioner's claims. Respondent requests a stay of briefing until Congress has restored appropriations. Respondent also requests that all current deadlines for the parties be extended commensurate with the duration in the lapse of appropriations. Respondent has agreed to notify the Court as soon as Congress has appropriated funds for the Department of Justice.

The Court does not lightly stay litigation due to the possibility of prejudice. However, Respondent has shown good cause for a stay of its time to file a response to the petition pending the restoration of funding to the Department of Justice by Congress, and the Court finds that any prejudice to the parties is outweighed by the necessity of a stay. Therefore, the Court shall grant Respondent's motion for stay and extension of time.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Respondent's motion for stay and extension of time, filed on October 22, 2025, (Doc. 7), is GRANTED;

2. Respondent is granted a stay of its time to respond to the petition until funds are restored to the Department of Justice by Congress;

3. The deadlines set forth in the Court's briefing order are extended commensurate with the duration of the lapse of funding; and

4. Respondent shall promptly notify the court once Congress has appropriated funds for the Department of Justice.

IT IS SO ORDERED.

Dated:   **October 23, 2025**                    /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE